

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WENDY CHRISCENA TERRY,<br>　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 4:13-1148-MGL-TER<br>§<br>§<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, REVERSING DEFENDANT'S DECISION, AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE ACTION

This is a Social Security appeal in which Plaintiff seeks judicial review of a final decision of Defendant denying her claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claim for DIB be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case be remanded to Defendant for further administrative action as set out in the Report. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 7, 2014, and Defendant filed her objections on May 15, 2014.  The Court has carefully considered the objections and finds them to be without merit.  Therefore, it will enter judgment accordingly.

In the Report, the Magistrate Judge found that "[i]n determining [Plaintiff's] RFC [residual functional capacity], the ALJ [Administrative Law Judge] failed to include a proper analysis of the record evidence of Plaintiff's shortness of breath (dyspnea).  Therefore, the RFC finding is not supported by substantial evidence." Report 10.  Consequently, the Magistrate Judge suggested that the Court remand the action to Defendant "for proper analysis of Plaintiff's credibility with regard to her shortness of breath based on the complete record.  Further, [Defendant] should reassess [Plaintiff's] RFC on a proper analysis of her credibility."  *Id.*  The Magistrate Judge also suggested that the medical evidence from Plaintiff's cardiologist, Dr. Jeffrey S. Reider, that was submitted to the Appeals Council and made a part of the record should also be considered on remand.  *Id*.

Defendant raises two objections to the Report. First, she argues that the Magistrate Judge erred in finding that substantial evidence did not support the ALJ's shortness of breath credibility analysis.  Of course, it is not the province of this Court to make credibility determinations in an action such as this.  That task is left to the ALJ alone.  But, "[t]he determination or decision must contain specific reasons for findings on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  SSR 96-7p.  This the ALJ failed to do.

2

The record is replete with evidence that Plaintiff suffered from shortness of breath.  In fact, in the notes from Plaintiff's March 2, 2010, visit to her cardiologist's office, the physician's assistant who saw her that day wrote that Plaintiff "is chronically [short of breath], but states that it's her baseline."  Moreover, on March 12, 2010, Plaintiff was diagnosed with advanced congestive heart failure.  She was "considered for cardiac transplantation but her obesity hindered the possibility.  Tr. 19.  Because the ALJ neglected to include an appropriate analysis of the evidence in the record of Plaintiff's shortness of breath, the Court is unable to say that the ALJ's determination is supported by substantial evidence.  Hence, the Court overrules Defendant's first objection to the Report.

In Defendant's second objection, she contends that the Magistrate Judge erred in recommending that the ALJ consider the additional evidence from Dr. Reider that was submitted to the Appeals Council.  In Dr. Reider's letter, dated June 14, 2012, he writes the following: "[Plaintiff] is currently followed in our office for cardiomyopathy and congestive heart failure.  Given her significant cardiac limitations she is unable to work at this time and I do not see any change in the future." Tr. 507.  According to Defendant, Dr. Reider's statement expressly applied after the relevant period and thus was immaterial.  But, the letter does not state when the cardiac limitations became such that Dr. Reider determined that he did not foresee any improvement in Plaintiff's condition–only that they existed to that degree on June 14, 2012, the date that he wrote the letter. Because of the ALJ's independent duty to "explore all relevant facts and inquire into the issues necessary for adequate development of the record," *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986), the Court will leave it to the ALJ to decide the relevance of this evidence.  Therefore, the Court overrules Defendant's second objection as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to Defendant for further administrative action as set out in the Report.

**IT IS SO ORDERED**.

Signed this 22nd day of August, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE